UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PAMELA LYNN CUMMINGS,

    Plaintiff,

    v.                                               Case No. 20-2371-DDC

AARON OTHMER, et al.,

    Defendants.

## **ORDER**

Defendants, Aaron Othmer, Martin Leigh, P.C., and Beverly Weber, have filed a motion to stay discovery (ECF No. 11), pending resolution of their motion to dismiss (ECF No. 6). Plaintiff, Pamela Lynn Cummings, opposes the motion (ECF No. 14). As discussed below, the court grants the motion to stay.

Background

On July 31, 2020, plaintiff filed this wrongful-foreclosure action against defendants.[1] Under Fed. R. Civ. P. 4(m), the deadline for service was October 29, 2020. Defendants argue plaintiff failed to serve the complaint within 90 days, which is the subject of their motion to dismiss. Without restating the arguments in the motion to dismiss, the court will note defendants' main argument is that plaintiff only attempted service once, on October 28, and the date of delivery wasn't until October 30, after the 90-day deadline. Plaintiff disputes this timing, pointing to a notice filed on October 29, entitled "Summons

---

[1] ECF No. 1.

O:\ORDERS\20-2371-DDC-11.DOCX

Returned Executed," that indicated she'd served defendants on October 28.[2]  Defendants filed their motion to dismiss on November 17, 2020, asking the court to dismiss the case based on failure to timely serve.[3]  That motion has been fully briefed and is pending before the presiding U.S. District Judge, Daniel D. Crabtree.  Defendants filed the instant motion on December 16, 2020, seeking a stay pending resolution of their motion to dismiss.[4]  The next day, plaintiff filed a motion for default judgment.[5]

Analysis

The decision whether to stay discovery rests in the sound discretion of the court.[6]  The Tenth Circuit has stated, however, that "'the right to proceeding in court should not be denied except under the most extreme circumstances.'"[7]  Thus, as a general rule, discovery is not stayed in this district based merely on the pendency of dispositive motions.[8]  The

---

[2] ECF No. 3.

[3] ECF No. 6.

[4] ECF No. 11.

[5] ECF No. 13.

[6] *Kutilek v. Gannon*, 132 F.R.D. 296, 297–98 (D. Kan. 1990); *Tennant v. Miller*, No. 13-2143, 2013 WL 4848836, at *1 (D. Kan. Sept. 11, 2013).

[7] *Holroyd v. Dept. of Veterans Affairs*, No. 06-4133, 2007 WL 1585846, at *1 (D. Kan. June 1, 2007) (quoting *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983)).

[8] *Kutilek*, 132 F.R.D. at 297 ("The general policy in this district is not to stay discovery even though dispositive motions are pending." (citing cases)); *Garrett's Worldwide Enters., LLC v. United States*, No. 14-2281, 2014 WL 7071713, at *1 (D. Kan. Dec. 12, 2014) ("[T]he general policy of this district is to proceed with discovery despite pending dispositive motions.").

court has recognized that there may be exceptions to this rule, such as where: (1) the case is likely to be finally concluded via a dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to the defendants' immunity from suit.[9] The party seeking the stay "must make a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else."[10]

In this case, defendants do not explicitly acknowledge this standard, although they implicitly argue that the case is likely to be concluded by Judge Crabtree's ruling by citing their motion to dismiss arguments.[11] The arguments in the motion to dismiss are strictly procedural and fairly straightforward. Although the undersigned does not presume to predict how Judge Crabtree will view or rule on the motion to dismiss (or the second dispositive motion, plaintiff's motion for default judgment), this is a case where rulings on the dispositive motions are likely to finally conclude the case, so the undersigned takes that into consideration here.

---

[9] *See Citizens for Objective Public Educ., Inc. v. Kan. State Bd. of Educ.*, No. 13-4119, 2013 WL 6728323, at *1 (D. Kan. Dec. 19, 2013) (citing *Kutilek*, 132 F.R.D. at 297–98).

[10] *Couser v. Somers*, No. 18-1221-JWB-GEB, 2019 WL 802038, at *3 (D. Kan. Feb. 21, 2019).

[11] *See Holroyd*, 2007 WL 1585846, at *1 ("To stay discovery, defendants must prove that they are likely to prevail on the dispositive motion.").

Defendants instead focus on the standard set forth in *Klaver Const. Co. v. Kansas Dep't of Transp.* to evaluate the competing interests in determining whether a stay is appropriate: (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.[12]

After reviewing these factors, the court concludes a stay is appropriate. The likelihood of the two dispositive motions being resolved weighs toward convenience to the parties and to the court, in terms of efficiency. Further, defendants point to plaintiff's lengthy history of bringing litigation against these defendants for essentially the same foreclosure.[13] Defendants use this history to support their argument that they've been burdened by litigating the same claims multiple times, and they'll be unduly burdened if they're required to go through the planning conference, make initial disclosures, and begin discovery in this matter.[14] They also point to the similarly repeated burden on their clients. Defendants' argument is bolstered by the "thousands of pages of documents" defendants

---

[12] No. CIV.A.99-2510-KHV, 2001 WL 1000679, at *3 (D. Kan. Aug. 23, 2001); *see also Struss v. Rural Cmty. Ins. Servs.*, No. 18-2187-DDC-GEB, 2019 WL 1002420, at *5 (D. Kan. Feb. 28, 2019), *reconsideration denied*, No. 18-2187-DDC-GEB, 2019 WL 5102181 (D. Kan. Oct. 11, 2019).

[13] ECF No. 12 at 4 (citing District of Kansas Case No. 19-cv-2582-KHV-TJJ (appealed and affirmed by the 10th Circuit in Case No. 20-3015); Wyandotte County District Court Case No. 2020-CV-000097; and the Wyandotte County Quiet Title Petition in Case No. 20-CV-000584).

[14] *Id.*

have already produced in cases involving the same facts and occurrences, which supports the argument that a stay wouldn't prejudice plaintiff, who ostensibly already possesses much of the relevant discovery.[15]

Plaintiff doesn't acknowledge the relevant standard for a stay in this court. Rather, the bulk of her response focuses on the alleged merits of her case and her motion for default judgment, that is, she reiterates why the court should deny defendants' motion to dismiss. After reciting a statement of facts,[16] she argues defendants have "dodged answering the real hard questions."[17] Plaintiff also appears to argue a stay will cause unnecessary delays in the case and – without support – argues a stay will infringe upon her due process rights.

Defendants argue, and the court agrees, plaintiff will not be burdened by a relatively short stay while the dispositive motions are resolved. Granting a stay doesn't, as plaintiff suggests, eradicate the parties' ability to "let the evidence be presented and the case be fairly and fully litigated."[18] Nor is an appropriately-granted stay a delay tactic. Rather, the purpose of the stay is for the parties and the court to save resources while dispositive motions are resolved. Once Judge Crabtree rules, if the case remains pending, the parties will have the ability to conduct relevant discovery.

---

[15] *Id.* at 4-5.

[16] ECF No. 14 at 2-3.

[17] *Id.* at 3.

[18] *Id.* at 5.

IT IS THEREFORE ORDERED that defendants' motion to stay (ECF No. 11) is granted. Should the case remain pending after Judge Crabtree rules on the motion to dismiss (ECF No. 6) and the motion for default judgment (ECF No. 13), the parties are directed to confer and submit a planning meeting report to the undersigned's chambers within 14 days.

Dated January 8, 2021, at Kansas City, Kansas.

s/ James P. O'Hara  
James P. O'Hara  
U.S. Magistrate Judge