UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PAMELA LYNN CUMMINGS,

    Plaintiff,

v.                              Case No. 20-2371-DDC

AARON OTHMER, et al.,

    Defendants.

# **ORDER**

The pro se plaintiff, Pamela Lynn Cummings, has filed a motion (ECF No. 28) to lift the stay entered on January 8, 2021 (ECF No. 17). The motion also renews plaintiff's request to deny defendants' motion to dismiss and grant plaintiff's motions for default.

To the extent plaintiff moves for reconsideration of the order on defendants' motion to stay, the motion is denied. Motions for reconsideration may be granted only if the moving party can establish: "(1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice."[1] The decision whether to grant or deny a motion for reconsideration is committed to the court's discretion.[2] A motion for reconsideration should not be used to

---

[1] D. Kan. Rule 7.3. *See also Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[2] *Wright ex rel. Trust Co. of Kan. v. Abbott Labs., Inc.*, 259 F.3d 1226, 1235–36 (10th Cir. 2001).

"rehash previously rejected arguments or to offer new legal theories or facts."[3] Such a motion "is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed."[4] A motion for reconsideration is "not appropriate to revisit issues already addressed."[5]

Plaintiff hasn't cited this standard nor does she address any of these factors. Indeed, she doesn't even address the stay in the body of her motion; it's only mentioned in the title. Most of the motion is focused on renewed requests for rulings on the dispositive motions in this case. Defendants' motion to dismiss (ECF No. 6) is pending before the presiding U.S. District Judge, Daniel D. Crabtree. So are plaintiff's three motions for default (ECF Nos. 13, 18, 24). Judge Crabtree will rule on those motions. Plaintiff's repeated requests for rulings won't expedite the process.

The undersigned U.S. Magistrate Judge, James P. O'Hara, previously granted defendants' motion to stay largely because of these pending dispositive motions. The undersigned also noted plaintiff's repetitive litigation against defendants and the burden plaintiff has imposed on them. Filings such as the instant motion are illustrative of this burden.

---

[3] *Theno v. Tonganoxie Unified Sch. Dist. No. 464*, 377 F. Supp. 2d 952, 976 (D. Kan. 2005) (citing *Demster v. City of Lenexa, Kan.*, 359 F. Supp. 2d 1182, 1184 (D. Kan. 2005)).

[4] *Fears v. Unified Gov't of Wyandotte Cty.*, No. CV 17-2668-KHV, 2018 WL 5435403, at *1 (D. Kan. Oct. 29, 2018) (citing *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996)).

[5] *Fears*, 2018 WL 5435403, at *1.

IT IS THEREFORE ORDERED plaintiff's motion (ECF No. 28) is denied.

Dated June 28, 2021, at Kansas City, Kansas.

                                               s/ James P. O'Hara
                                              James P. O'Hara
                                              U.S. Magistrate Judge