IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PAMELA LYNN CUMMINGS,

        Plaintiff,

v.

AARON OTHMER,
BEVERLY WEBER, and MARTIN
LEIGH, P.C.,

        Defendants.

Case No. 20-2371-DDC-JPO

## MEMORANDUM AND ORDER

This Order rules several pending motions in this lawsuit. *First*, defendants' Motion to Dismiss Complaint (Doc. 6) is denied. *Second*, all three of plaintiff's Motions for Default Judgment (Docs. 13, 18, 24) also are denied. Below, the court explains why.

I. **Factual and Procedural Background**

    A. **Factual Background**

In July 2020, pro se plaintiff Pamela Lynn Cummings filed her Complaint (Doc. 1).[1] The Complaint alleges our court has federal question jurisdiction over this case under 28 U.S.C. § 1331. *See id.* at 3 (Compl.). And the Complaint names three defendants, two of them individuals—Aaron Othmer and Beverly Weber—plus a business entity, Martin Leigh, P.C. *See id.* at 1 (Compl.). Even construing her Complaint liberally, it's difficult to decipher exactly what plaintiff alleges. But it appears she alleges that defendants deceived her about a secured

---

[1]     Because plaintiff proceeds pro se, the court construes her filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of advocate for a pro se litigant. *Id.* Also, "pro se parties [must] follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (citation and internal quotation marks omitted).

transaction involving a promissory note to a parcel of real estate, thus violating federal laws and the United States Constitution. *See id.* at 2–5 (Compl.). Sometime after securing the transaction, defendants allegedly foreclosed the property. *See id.* at 4 (Compl.). But plaintiff says it all was a fraud. *See id.* (describing a "fake loan").

B.     **Procedural Background**

In November 2020, defendants filed their Motion to Dismiss Complaint (Doc. 6) and their Memorandum in Support (Doc. 7). *See* Doc. 7 at 1 (explaining defendants are "seek[ing] dismissal of Plaintiff's Complaint for failure to timely serve Defendants within 90-days following the filing of the Complaint"). Plaintiff filed a Response (Doc. 9). And defendants filed a Reply (Doc. 10).

Exactly one month after defendants filed their Motion to Dismiss, plaintiff filed the first of her three Motions for Default Judgment. *See* Doc. 13. Her first Motion for Default Judgment (Doc. 13) argues defendants "failed to respond" to her Complaint within the allocated time, thus entitling her to a default judgment. *Id.* at 2. Defendants didn't file a Response. About two months later, plaintiff filed her second Motion for Default Judgment (Doc. 18). It's substance and styling vary slightly from the first iteration, but its arguments essentially are the same. *See id.* This time, defendants filed a Memorandum in Opposition (Doc. 20). Plaintiff filed a Reply (Doc. 21). And that same day, plaintiff filed a Memorandum in Support (Doc. 22) of her Second Motion for Default Judgment (Doc. 18). Finally, in May 2021, plaintiff filed her third Motion for Default Judgment (Doc. 24). Her motion is substantively no different than its prior editions. *See id.* Again, defendants filed a Memorandum in Opposition (Doc. 25).

In the middle of this procedural backdrop—back in December 2020—defendants filed a Motion to Stay Case (Doc. 11). Plaintiff filed a Response (Doc. 14). Defendants filed a Reply

2

(Doc. 16). And in January of this year, Magistrate Judge O'Hara granted the motion. *See* Doc. 17; *see also id.* at 5 ("[T]he purpose of the stay is for the parties and the court to save resources while dispositive motions are resolved.").

## II. Legal Standards

### A. The Relevant Federal Rules of Civil Procedure

Defendants' Motion to Dismiss Complaint is predicated entirely on matters of procedure. They argue "Plaintiff's Complaint must be dismissed" because she "failed to serve Defendants within 90-days following the filing of her Complaint on July 31, 2020." Doc. 7 at 4–5. And, they argue, "she failed to obtain summons properly issued by the Clerk, failed to serve Defendants with separate summonses and failed to properly effect service by Return Receipt" under Kansas law. *Id.* at 2 (citations omitted).

#### 1. Fed. R. Civ. P. 4(m)

Rule 4(m) prescribes the "time limit for service [of process]." Fed. R. Civ. P. 4(m). The Rule provides, in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

*Id.* Our Circuit takes a permissive approach to Rule 4(m), giving litigants an opportunity to correct procedural shortcomings. *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995) (explaining that district courts "must still consider whether a permissive extension of time may be warranted" even where a "plaintiff fails to show good cause" for their "failure to timely effect service"). As Judge Lungstrum of our court has explained, it's "a two-step analysis." *Ireland v. Midwest Mech. Grp., Inc.*, No. 05-2063-JWL, 2005 WL 2099545, at *1 (D. Kan. Aug.

3

30, 2005) (citing *Espinoza*, 52 F.3d at 841). "First, the plaintiff is entitled to a mandatory extension of time if the plaintiff demonstrates good cause for failing to timely effect service." *Id.* (citation omitted). "Second, if the plaintiff fails to show good cause, the court may exercise its discretion and either dismiss the case without prejudice or extend the time for service." *Id.* (citation omitted).

B.   **Motions for Default Judgment**

According to plaintiff, defendants "were served the Complaint within the 90 days of filing the Complaint pursuant to Fed. R. Civ. P. 4(m)." Doc. 13 at 2. But, she argues, "they failed to respond by serving an answer on the complaint to Plaintiff or a motion within the 21 days as stipulated under Rule 12 of the Federal Rules of Civil Procedure." *Id.* "Therefore, Plaintiff request[s] a Motion for a Default Judgment be entered against Defendants and that relief be granted as demanded in the complaint."[2] *Id.*

Fed. R. Civ. P. 55 governs default judgments. It too embraces a two-step process. *First*, Rule 55(a) allows the Clerk to enter default against a party who "has failed to plead or otherwise defend" a lawsuit. *Second*, after the Clerk enters default, a plaintiff may request the Clerk enter default in an amount that is "a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). When a plaintiff's claim doesn't seek such a sum, plaintiff must apply to the court for a default judgment under Rule 55(b)(2). When considering a motion for default judgment, the court may hold a hearing if "it needs to (A) conduct an accounting; (B) determine

---

[2]   Plaintiff's other two Motions for Default Judgment argue essentially the same premise, each requesting that the court enter default against the defendants and award her more than seven million dollars. *See* Docs. 18, 24.

the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter."[3]  Fed. R. Civ. P. (55)(b)(2).

"Once the default is established, defendant has no further standing to contest the factual allegations of plaintiff's claim for relief."  *Mathiason v. Aquinas Home Health Care, Inc.*, 187 F. Supp. 3d 1269, 1274 (D. Kan. 2016) (Lungstrum, J.) (citation and internal quotation marks omitted).  At that point, the complaint's well-pleaded factual allegations "are taken as true, except those allegations relating to the amount of damages."  *Id.* (citation and internal quotations marks omitted).  "Even after default, it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment since a party in default does not admit conclusions of law."  *Id.* (citation and internal quotation marks omitted).  "A trial court has broad discretion in deciding whether to enter a default judgment."  *Id.*; *see also Grandbouche v. Clancy*, 825 F.2d 1463, 1468 (10th Cir. 1987) ("A trial court is vested with broad discretion in deciding a default judgment question." (citations omitted)).

### III. Analysis

#### A. Defendants' Motion to Dismiss Complaint (Doc. 6)

Defendants are right that plaintiff's alleged service of process wasn't proper.  But, they're wrong to assume that improper service mandates dismissal.  Below, the court explains why.  But first, the court identifies the procedural chronology guiding its analysis.  After that, the court reviews briefly what's required for proper service.  Then, the court analyzes defendants' arguments for dismissal.

---

[3]  As this Order will explain, plaintiff's several motions for default judgment fail for reasons independent of any of these criteria.  So, there's no need to conduct a hearing on these motions, even though Rule 55(b)(2) would permit one.

### 1. Procedural History of Plaintiff's Attempted Service

Plaintiff filed her Complaint on July 31, 2020. *See* Doc. 1 (Compl.). Under Fed. R. Civ. P. 4(m), plaintiff therefore needed to serve properly each defendant no later than October 29, 2020. Fed. R. Civ. P. 4(m) (explaining a defendant must be served "within 90 days after the complaint is filed"). On October 29, 2020, plaintiff filed a document attaching a certified mail receipt indicating that plaintiff mailed a copy of her Complaint "with summons and certificate of mailing" to "Martin-Leigh PC c/o Beverly Weber/Aaron Othmer" on October 28, 2020. *See* Doc. 3. A few days later, plaintiff filed another document with the court, this one described as an Exhibit in Support of Return of Service. *See* Doc. 4. The filing attaches a postage return receipt that's dated October 30, 2020 and which, for both the "signature" and "received by" fields, includes the handwritten phrase "COVID[.]" *See id.* The return receipt was addressed, again, to "Martin-Leigh – PC c/o Beverly Weber A[aron] Othmer[.]" *See id.*

### 2. Governing Laws

A court can't exercise personal jurisdiction over a defendant unless the plaintiff has served process validly under Rule 4. *See Riddle v. Wichita Pub. Schs., Unified, Sch. Dist. No. 259*, No. Civ.A.04-1400-MBL, 2005 WL 1563444, at *1 (D. Kan. June 30, 2005); *Oltremari v. Kan. Soc. & Rehab. Serv.*, 871 F. Supp. 1331, 1348 (D. Kan. 1994). Plaintiff bears the burden of proving valid service. *See, e.g., Oltremari*, 871 F. Supp. at 1349.

Rule 4(e) provides the appropriate methods for serving process on individuals located in the United States. Under this Rule, the plaintiff must serve an individual by:

> (1) following state law for serving a summons . . . in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agency authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Thus, under Rule 4, a plaintiff may serve individuals who are defendants using the processes specified in Rule 4 or by processes recognized by Kansas state law. *See Davenport v. Wal-Mart Stores, Inc.*, No. 14-CV-2124-JAR-JPO, 2014 WL 3361729, at *2 (D. Kan. July 9, 2014). Here, plaintiff also names a corporate business entity as one of the defendants in this lawsuit. Under Fed. R. Civ. P. 4(h), plaintiffs must serve corporations in a United States judicial district "in the manner prescribed by Rule 4(e)(1) for serving an individual" or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or law" to receive the service of process.

Under Kansas state law, service via return receipt mail is secured "upon the delivery of the sealed envelope." Kan. Stat. Ann. § 60-303(c)(3). Also under Kansas law, plaintiffs must serve individuals directly or through service on an agent authorized to receive service on his or her behalf. Kan. Stat. Ann. § 60-304(a). "Service by return receipt delivery must be addressed to an individual at the individual's dwelling or usual place of abode and to an authorized agent at the agent's usual or designated address." *Id.* If (and only if) this approach fails because the service via return receipt goes unclaimed, a plaintiff then may serve an individual via a known business address. *Id.* Last, Kansas law authorizes service upon a corporation by serving "an officer, manager, partner or a resident, managing, or general agent[,]" or by "leaving a copy of the summons and petition or other document at any of its business offices with the person having

7

charge thereof" or by "serving any agent authorized by appointment or law to receive service of process[.]" Kan. Stat. Ann. § 60-304(e).

### 3. Plaintiff's Service Wasn't Effective

At best, plaintiff served defendants one day later than Fed. R. Civ. P. 4(m) permits. *See* Doc. 4. But that's not all. Plaintiff tried to serve all three defendants at once, rather than individually. *See* Fed. R. Civ. P. 4(e); Kan. Stat. Ann. § 60-304(a). Plaintiff mailed service to a business address, and only a business address, but the law requires her first to attempt service on each defendant individually at their "dwelling or usual place of abode[.]" Fed. R. Civ. P. 4(e); *see also* Kan. Stat. Ann. § 60-304(a). And even if plaintiff had attempted service within 90 days of filing her Complaint, the "proof" she proffered shows merely the phrase "COVID" for both the "signature" and "received by" fields. *See* Doc. 4. Based on these shortcomings, it's clear that plaintiff didn't serve the defendants properly.[4]

### 4. Plaintiff is Granted 30 Days to Serve Defendants Properly or the Court Will Dismiss Her Complaint Without Prejudice

Defendants carry the day with their argument that service wasn't proper, but they come up short on their contention that "Plaintiff's Complaint must be dismissed." Doc. 7 at 5. True, Fed. R. Civ. P. 4(m) states that if a defendant isn't served within 90 days of a Complaint's filing, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without

---

[4] Although the parties don't argue this point, plaintiff didn't comply substantially with what's required by Kansas law. *See* Kan. Stat. Ann. § 60-204 ("Substantial compliance with any method of serving process effects valid service of process if the court finds that, notwithstanding some irregularity or omission, the party served was made aware that an action or proceeding was pending in a specified court that might affect the party[.]"); *see also Wanjiku v. Johnson Cnty.*, 173 F. Supp. 3d 1217, 1229 (D. Kan. 2016) ("Substantial compliance means compliance in respect to the essential matters necessary to assure every reasonable objective of the statute." (internal quotation marks and citations omitted)). Here, as in *Wanjiku*, plaintiff only attempted service via a business address, even though "Kansas law permits service on an individual at a business address only after a plaintiff has taken specific steps to demonstrate that business address service is necessary." *Wanjiku*, 173 F. Supp. 3d at 1231. "Plaintiff has not taken those steps here[,]" so the court "cannot find substantial compliance[.]" *Id.* at 1229.

prejudice[.]" But, there's more to this story. The rule itself provides additional options: (1) the court may "order that service be made within a specified time[,]" or (2) "if the plaintiff shows good cause . . . the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Just as the passage defendants quote carries meaning, so too do the words that follow it. Here, the Rule's latter portions are operative. Below, the court explains why.

Despite a plaintiff's failure to serve defendants within the time limit prescribed under Rule 4(m), this same Rule mandates that plaintiff receive an extension of time upon showing good cause. *See Espinoza*, 52 F.3d at 841 (explaining a good cause showing triggers a "mandatory" extension of time for plaintiff under Rule 4(m) (citation omitted)). Here, defendants argue plaintiff hasn't shown good cause for her failures, *see* Doc. 7 at 3, and the court agrees with them. But again, that's not all. Our Circuit explained in *Espinoza* that Rule 4(m)'s "plain language . . . broaden[ed] the district court's discretion by allowing it to extend the time for service even when the plaintiff has not shown good cause." *Id.* at 840–41. Hence, it's "a two-step analysis." *Ireland*, 2005 WL 2099545, at *1 (Lungstrum, J.) (citing *Espinoza*, 52 F.3d at 841).

In *Ireland*, Judge Lungsrtrum considered whether a discretionary extension of time for a plaintiff might prejudice the defendant. *Id.* at *2. He found it wouldn't. *Id.* The same is true in this case. *See id.* ("The initial scheduling conference has not yet taken place and the parties have not engaged in any discovery[.]"). In a different case, Judge Lungstrum considered a similar concern. *See Sims v. Knight-Ridder Fin., Inc.*, No. 94-2217-JWL, 1995 WL 88233 (D. Kan. Feb. 10, 1995). In *Sims*, the defendants hadn't "indicated that it ha[d] suffered any prejudice by plaintiff's delay in service." *Id.* at *2. Here too, defendants haven't argued that plaintiff's delay caused them any prejudice. And, many courts consider whether a plaintiff under these

circumstances is proceeding pro se, which favors granting a permissive extension. *See, e.g.*, *Blackmon v. U.S.D. 259 Sch. Dist.*, 769 F. Supp. 2d 1267, 1275 (D. Kan. 2011); *see also Espinoza*, 52 F.3d at 842 ("[T]he complex nature of the requirements of Fed. R. Civ. P. 4(i), particularly when the plaintiff is proceeding pro se, should be a factor for the district court's consideration when it determines whether a permissive extension of time should be granted under Rule 4(m)." (footnote omitted)).

This approach is well-established in our Circuit and nationwide. *See* 5A Wright and Miller, *Federal Practice and Procedure* § 1137 (2d ed. 1990) (explaining that "[m]any courts . . . have framed these two aspects of Rule 4(m) as a two-step test" and collecting cases (footnote omitted)). Moreover, defendants' motion asks the court only to consider issues of procedural technicality, and not the substance of plaintiff's allegations. *See* Doc. 7; *Cf. Bank Midwest, N.A. v. Millard*, No. 10-2387-JAR-DJW, 2012 WL 4006423, at *1 (D. Kan. Sept. 12, 2012) ("[T]he Federal Rules of Civil Procedure are designed to facilitate decisions on the merits rather than on pleading technicalities." (citing *Koch v. Koch Indus.*, 127 F.R.D. 206, 209 (D. Kan. 1989))).

Here, the court notes plaintiff's pro se status. And, it heeds the jurisprudential trend around the country favoring a two-step, permissive approach to issues involving Rule 4(m). As such, it won't dismiss plaintiff's Complaint simply because she failed to serve the defendants properly. Thus, defendants' Motion to Dismiss Complaint (Doc. 6) is denied. Instead, and utilizing the discretion recognized by our Circuit and the Federal Rules of Civil Procedure, the court grants plaintiff 30 days from the date of this Order to serve the defendants properly. If she fails to do so, the court will dismiss her Complaint without prejudice under Fed. R. Civ. P. 4(m).

### B. Plaintiff's Motions for Default Judgment (Docs. 13, 18, 24)

There's one more matter to tidy up. Plaintiff may believe she's entitled to a default judgment. *See* Docs. 13, 18, 24. She isn't. Under Fed. R. Civ. P. 55, defendants haven't "failed to plead or otherwise defend" against plaintiff's lawsuit. As the court just explained, plaintiff hasn't served them properly. Additionally, and even if this weren't the case, plaintiff "has failed to comply with the two-step process contemplated by Fed. R. Civ. P. 55." *Tomelleri v. Cafepress, Inc.*, No. 14-2239-JAR, 2014 WL 11485579, at *1 (D. Kan. Oct. 28, 2014). So, plaintiff isn't entitled to a default judgment. Thus, the court denies all three of her Motions for Default Judgment (Docs. 13, 18, 24).

### IV. Conclusion

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' Motion to Dismiss Complaint (Doc. 6) is denied.

**IT IS FURTHER ORDERED BY THE COURT THAT** plaintiff must serve properly each defendant within 30 days of this Order or the court will dismiss her Complaint without prejudice under Fed. R. Civ. P. 4(m).

**IT IS FURTHER ORDERED BY THE COURT THAT** plaintiff's Motions for Default Judgment (Docs. 13, 18, 24) are denied.

**IT IS SO ORDERED.**

**Dated this 8th day of July, 2021, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**
