IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PAMELA LYNN CUMMINGS,

        **Plaintiff,**

v.

        Case No. 20-2371-DDC-JPO

AARON OTHMER,
BEVERLY WEBER, and MARTIN
LEIGH, P.C.,

        **Defendants.**

## MEMORANDUM AND ORDER

Pro se plaintiff Pamela Cummings filed the pending motion (Doc. 31) on July 29, 2021.[1] The defendants timely filed a Response (Doc. 35). And because the pending motion is meritless, the court won't delay ruling its request.[2] The title of the pending motion is a mouthful, but in simple terms, it asks the court to reconsider its earlier Order (Doc. 30) denying defendants' Motion to Dismiss (Doc. 6) and denying plaintiff's multiple Motions for Default Judgment

---

[1] Because plaintiff proceeds pro se, the court construes her filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of advocate for a pro se litigant. *Id.* Also, "pro se parties [must] follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (citation and internal quotation marks omitted).

[2] Our court's Local Rules provide 14 days for a moving party to file its Reply in the case of a non-dispositive motion. *See* D. Kan. Rule 6.1(d)(1). But "the court's local rules only permit and do not require reply briefs," meaning that the "court has the discretion to rule 'before the filing of a reply brief.'" *Clark v. City of Shawnee, Kan.*, No. 15-4965-SAC, 2016 WL 4733859, at *3 (D. Kan. Sept. 12, 2016) (quoting *Walter v. Morton*, 33 F.3d 1240, 1244 (10th Cir. 1994)). Ms. Cummings requests relief for which the law doesn't authorize. Additional briefing can't alter this reality, so the court will rule her pending motion now. *See id.* at *3 (explaining that although "it may be good practice to wait for a reply before ruling," the court "need not delay reaching a decision until the filing period for a reply has passed" (citing *Pawnee Petroleum Prods., LLC v. Crawford*, No. 01-1314-WEB, 2003 WL 21659665, at *1 n.1 (D. Kan. Apr. 18, 2003) ("While the time for filing the reply has not yet expired, the court believes the issues raised in the motion and response have been adequately briefed and the court need not wait for a reply prior to issuing its ruling."))).

(Docs. 13, 18, 24). Ms. Cummings believes that the court erred in denying her many Motions for Default Judgment. *See* Doc. 31 at 2. But her belief is misplaced. The court thus denies the motion and, below, explains why

## I. Legal Standard for Motion for Reconsideration

Our district's Local Rules provide a basic framework for motions like the one that's presently pending here. "A party may file a motion asking a judge or magistrate judge to reconsider an order or decision made by that judge or magistrate judge." D. Kan. Rule 7.3. For non-dispositive Orders, "[p]arties seeking reconsideration . . . must file a motion within 14 days after the order is filed unless the court extends the time." D. Kan. Rule 7.3(b). The motion for reconsideration must address: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice."[3] *Id.* To make a long story short: "D. Kan. Rule 7.3(b) governs motions to reconsider non-dispositive orders[.]"[4] *Skepnek v. Roper & Twardowsky, LLC*, No. 11-4102-KHV, 2012 WL 5907461, at *1 (D. Kan. Nov. 26, 2012) (citations omitted).

"A motion to reconsider is only appropriate where the Court has obviously misapprehended a party's position, the facts or applicable law, or where the party produces new

---

[3] Our Circuit has described "clear error of judgment" to mean that a district court's decision was "arbitrary, capricious, whimsical, or manifestly unreasonable[.]" *Wright ex rel. Tr. Co. of Kan. v. Abbott Lab'ys, Inc.*, 259 F.3d 1226, 1235–36 (10th Cir. 2001) (internal quotation marks and citations omitted). And, our court has described the term "manifest injustice . . . to mean direct, obvious, and observable error." *Hadley v. Hays Med. Ctr.*, No. 14-1055-KHV, 2017 WL 748129, at *2 (D. Kan. Feb. 27, 2017) (internal quotation marks and citations omitted).

[4] "Even if the order was dispositive under D. Kan. Rule 7.3, the same standard would apply." *Skepnek*, 2012 WL 5907461, at *1 n.1. That's because plaintiff's motion wouldn't qualify for review under either Fed. R. Civ. P. 59(e) or 60, as those rules only address final judgments. *See* Fed. R. Civ. P. 59(e); Fed. R. Civ. P. 60(b); *see also Skepnek*, 2012 WL 5907461, at *1 n.1 (explaining that the order in question "was not a final judgment" which meant that the pending "motion for reconsideration is considered an interlocutory motion that invokes the Court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment" and the court "reviews such interlocutory orders, however labeled, under the standard set forth in D. Kan. Rule 7.3(b)" (citing *Ferluga v. Eickhoff*, 236 F.R.D. 546, 548–49 (D. Kan. 2006))).

evidence that it could not have obtained earlier through the exercise of due diligence." *Id.*; *see also Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). In other words, a party can't file a motion for reconsideration just to ask for a second bite at the same apple. *See Skepnek*, 2012 WL 5907461, at *1 ("A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments or to dress up arguments that previously failed." (citation omitted)); *see also Coffeyville Res. Refin. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 748 F. Supp. 2d 1261, 1264 (D. Kan. 2010) ("A motion to reconsider is available when the court has misapprehended the facts, a party's position, or the controlling law, but it is not appropriate to revisit issues already addressed or to advance arguments that could have been raised in prior briefing." (citing *Servants of the Paraclete*, 204 F.3d at 1012)). Finally, "[w]hether to grant a motion to reconsider is left to the Court's discretion." *Skepnek*, 2012 WL 5907461, at *1.

**II.    Analysis**

    **A.    Plaintiff's Motion Arrived Past the Deadline Under D. Kan. Rule 7.3(b)**

Local Rule 7.3(b) applies directly to plaintiff's motion. And it speaks in absolutes. That is, under D. Kan. Rule 7.3(b), a party "seeking reconsideration of non-dispositive orders *must* file a motion within 14 days after the order is filed unless the court extends the time." D. Kan. Rule 7.3(b) (emphasis added).

The court entered the Order in question on July 8, 2021. *See* Doc. 30 at 11. Plaintiff didn't ask for, nor did the court provide an extension of time. *See* D. Kan. Rule 7.3(b) (requiring a party to file the motion within 14 days "unless the court extends the time"). Local Rule 7.3(b) thus gave plaintiff until July 22, 2021 to file her motion. She didn't honor this deadline. Instead, her motion arrived on July 29, 2021—a week after the deadline had passed. *See* Doc. 31 at 3

(showing that plaintiff served her motion on July 29, 2021 and that the Clerk of Court docketed the motion on July 30, 2021).  Based on the plain language provided by our court's Local Rules, plaintiff missed a deadline that she was required to meet.  *See* D. Kan. Rule 7.3(b).  So, the court denies her motion because it's untimely.

### B. Plaintiff's Substantive Assertions Don't Merit Reconsideration

Even if plaintiff timely had filed the pending motion, the court still would decline her request for reconsideration.  That's because her motion doesn't address even one of the three options provided by Local Rule 7.3(b) for producing a viable motion for reconsideration.  To qualify as a workable motion for reconsideration under D. Kan. Rule 7.3(b), the "motion to reconsider *must* be based on" at least one of three distinct things:  "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice."  D. Kan. Rule 7.3(b) (emphasis added).  So, here again, the relevant Rule speaks in absolutes.  *See id.*

Defendants correctly point out that plaintiff's motion doesn't reference any of these factors.  *See* Doc. 35 at 4.  Likewise, defendants note that plaintiff's motion simply relitigates the same arguments as before, despite the court's conclusions in its Order that  "Plaintiff did not properly serve Defendants and that Plaintiff did not comply with the two-step process for default judgments contemplated by Fed. R. Civ. P. 55."  *Id.*  They're right.  Plaintiff may believe that she's entitled to a default judgment.  *See* Docs. 13, 18, 24, 31.  But the court's Order on these issues explained clearly why her belief is misplaced.  *See* Doc. 30 at 4–5.  That Order used simple language to explain the "two-step process" that plaintiff must follow to secure a default judgment, if one even is merited (it isn't at this point).  *See id.*

4

As the moving party, plaintiff "has the burden to show that there has been a change of law, that new evidence is available, or that reconsideration is necessary to correct clear error or prevent manifest injustice." *Classic Commc'ns, Inc. v. Rural Tel. Serv. Co.*, 180 F.R.D. 397, 399 (D. Kan. 1998) (internal quotation marks and citations omitted). And it's "well settled that a motion to reconsider is not a second chance for the losing party to ask the court to revisit issues already addressed or to consider new arguments and supporting facts that could have been presented originally." *Campbell-Marshall v. JC Penny Co.*, No. 08-2320-CM-DJW, 2008 WL 4540465, at *2 (D. Kan. Oct. 8, 2008) (citation omitted). Plaintiff hasn't shouldered her burden, so the court denies her motion for this second reason.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Memorandum in Support of Reconsideration of Entry of Default Judgment Against Defendants Beverly M. Weber, Aaron M. Othmer and Martin Leigh PC (Doc. 31) is denied.

**IT IS SO ORDERED.**

**Dated this 20th day of August, 2021, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
