UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PAMELA LYNN CUMMINGS,

    Plaintiff,

    v.      Case No. 20-2371-DDC

AARON OTHMER, et al.,

    Defendants.

## **ORDER**

Defendants Aaron M. Othmer, Beverly M. Weber, and Martin Leigh PC have filed a motion to stay discovery and other pretrial proceedings (ECF No. 40) pending a ruling on their motion to dismiss the complaint (ECF No. 37). Plaintiff has not filed a response to the motion to stay discovery and pretrial proceedings, and the time for doing so under D. Kan. R. 6.1(d) has run. The motion is granted.

D. Kan. Rule 7.4 provides: "If a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice." Although the court could grant the motion solely on the ground that it is unopposed, the court will briefly address the merits of the motion.

It has long been the general policy in the District of Kansas not to stay discovery even if a dispositive motion is pending,[1] but exceptions to this policy are recognized. A discovery stay may be appropriate if: (1) the case is likely to be finally concluded via a dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; or (3) discovery on all issues posed by the complaint would be wasteful and burdensome.[2] Moreover, "it is well settled that the district court has the power to stay proceedings pending before it and to control its docket for the purpose of economy of time and effort for itself, for counsel, and for litigants."[3] The decision whether to stay proceedings rests in the broad discretion of the court.[4] As a practical matter, this calls for a case-by-case determination.[5]

The court has reviewed the record, the instant motion, and the pending dispositive motion. The court concludes that a brief stay of all pretrial proceedings—including

---

[1] *See Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994).

[2] *See id.* (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 297-98 (D. Kan. 1990)); *Lofland v. City of Shawnee*, No. 16-2183, 2016 WL 5109941, at *1 (D. Kan. Sept. 20, 2016).

[3] *Baca v. Berry*, 806 F.3d 1262, 1269–70 (10th Cir. 2015) (internal quotation marks, modifications, and citation omitted).

[4] *Id.* at 1270; *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.").

[5] *Citizens for Objective Public Educ., Inc. v. Kan. State Bd. of Educ.*, No. 13-4119, 2013 WL 6728323, at *1 (D. Kan. Dec. 19, 2013).

discovery and the scheduling of deadlines—is warranted until after the presiding U.S. District Judge, Daniel D. Crabtree, reaches a decision on defendants' dispositive motion.

First, the arguments in the motion to dismiss are procedural and fairly straightforward. Defendants assert plaintiff's claims are barred by the *Rooker-Feldman* Doctrine, *res judicata,* and collateral estoppel. Although the undersigned does not presume to predict how Judge Crabtree will view or rule on the motion to dismiss, this is a case where rulings on the dispositive motion are likely to finally conclude the case, so the undersigned takes that into consideration.

Second, the likelihood of the dispositive motion resolving or narrowing the case makes discovery at this point wasteful and burdensome. Defendants point to plaintiff's lengthy history of bringing litigation against these defendants for essentially the same foreclosure. Defendants use this history to support their argument that they've been burdened by litigating the same claims multiple times, and they'll be unduly burdened if they're required to go through the planning conference, make initial disclosures, and begin discovery in this matter.

In consideration of the foregoing, and upon good cause shown,

IT IS HEREBY ORDERED:

1)	The motion to stay is granted.

2) All pretrial proceedings in this case, including discovery, are stayed until further order of the court.

3) Within 14 days of the ruling on the pending motion to dismiss, the pro se plaintiff and counsel for any party remaining in the case shall confer and submit a Rule 26(f) planning meeting report to the undersigned's chambers.

Plaintiff is hereby informed that, within 14 days after she is served with a copy of this order, she may, pursuant to Fed. R. Civ. P. 72 and D. Kan. Rule 72.1.4(a), file written objections to this order by filing a motion requesting that the presiding U.S. district judge review this order. A party must file any objections within the 14-day period if the party wants to have appellate review of this order.

Dated September 7, 2021, at Kansas City, Kansas.

  s/ James P. O'Hara  
James P. O'Hara  
U.S. Magistrate Judge