## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| **PAMELA LYNN CUMMINGS,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 20-2371-DDC-RES** |
| **AARON OTHMER, et al.,** | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

Plaintiff Pamela Lynn Cummings has filed this action against defendants Aaron Othmer, Beverly Weber, and Martin Leigh P.C. Generally, plaintiff asserts claims arising from an alleged wrongful property foreclosure. This matter comes before the court on defendants' Motion to Dismiss (Doc. 37). For reasons explained below, the court grants defendants' motion and dismisses plaintiff's Complaint.

Also, plaintiff has filed a Motion for Default Judgment (Doc. 46). Like her previous motions seeking default judgment (Docs. 13, 18, 24), plaintiff seeks a default judgment against defendants, but she's not entitled to one (*see* Doc. 30 (Order denying plaintiff's motions for default judgment)). In the words of the controlling rule of civil procedure, defendants have not "failed to plead or otherwise defend" this lawsuit. Fed. Civ. P. 55. Instead, the docket reflects defendants entered appearances shortly after plaintiff filed suit (Doc. 5), moved to dismiss plaintiffs' Complaint for failure to serve them properly (Doc. 6), and later filed the second, pending Motion to Dismiss (Doc. 37), about two weeks before plaintiff filed her Motion for Default Judgment (Doc. 46). Thus, defendants haven't failed to defend this lawsuit. In simple

terms, plaintiff hasn't shown she's entitled to an entry of default or default judgment under Fed. R. Civ. P. 55.  So, the court denies plaintiff's Motion for Default Judgment (Doc. 46).

Now, the court turns to defendants' Motion to Dismiss.  It starts by reciting the factual and procedural background of this lawsuit.

## I.      Factual and Procedural Background

On July 31, 2020, pro se plaintiff Pamela Lynn Cummings[1] filed a Complaint against two individual defendants, Aaron Othmer and Beverly Weber, and a firm named Martin Leigh, P.C. Doc. 1.

Most of the following facts come from plaintiff's Complaint (Doc. 1).  The court, for purposes of the current motion, accepts them as true, and views them in the light most favorable to plaintiff because she is the non-moving party.  *See Garling v. EPA*, 849 F.3d 1289, 1292 (10th Cir. 2017) (explaining that, on a Fed. R. Civ. P. 12(b)(1) or 12(b)(6) motion to dismiss, the court must "accept as true all well-pleaded factual allegations in the complaint and view them in the light most favorable to the [plaintiff]" (alteration in original) (citations and internal quotation marks omitted)).

The facts not derived from plaintiff's Complaint are taken from state court records in two related cases:  (1) a foreclosure action filed against plaintiff in Wyandotte County, Kansas District Court, and (2) a subsequent suit plaintiff filed in Wyandotte County, Kansas District Court challenging the foreclosure action.  *See* Doc. 38-1, Doc. 38-2, Doc. 38-7, Doc. 38-10.  The court properly can consider facts from both state court cases for two distinct reasons.  First, plaintiff refers to documents and proceedings in the foreclosure action.  They are central to

---

[1]      Because Ms. Cummings proceeds pro se, the court construes her filings liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers."  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  But the court does not "assume the role of advocate for [a] pro se litigant." *Id.*

plaintiff's claims and no party disputes the documents' authenticity.  *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quoting *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007)).  Second, records taken from both state court actions qualify as public documents.  The court thus may take judicial notice of them.  *See, e.g.*, *Gee v. Pacheco*, 627 F.3d 1178, 1194 (10th Cir. 2010) (holding that a district court properly considered records from another lawsuit on a Rule 12(b)(6) motion to dismiss).[2]

Throughout her filings, plaintiff references a mortgage, loan, promissory note, and contract.  As best as the court can discern, plaintiff refers to a mortgage contract under which she executed a promissory note in favor of Imperial Lending, LLC on July 29, 2005.  Doc. 38-2 at 3. Plaintiff executed the note in exchange for a $63,000 loan to purchase "Lot 3, Block 1, Renaissance Phase 1, an addition in Kansas City, Wyandotte County, Kansas," also described as "1107 N 84th Terrace, Kansas City, Kansas 66112."  Doc. 38-1 at 2.  The note obligated plaintiff to pay the loan's principal and interest per the mortgage contract terms.  Doc. 38-2 at 4.  Under the contract, the mortgagee could make any sums plaintiff owed "immediately due and payable" and foreclose on the mortgage if plaintiff defaulted on the contract's "terms, conditions or covenants."  *Id.*  On September 17, 2008, plaintiff entered a loan modification agreement.  *Id.* Then, she defaulted on the mortgage contract.  *Id.*

---

[2]      *See also Pace v. Swerdlow*, 519 F.3d 1067, 1072–73 (10th Cir. 2008) (finding that a district court "was correct in considering" state court documents of which it took judicial notice on a Rule 12(b)(6) motion to dismiss); *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) (explaining that a court may "take judicial notice of its own files and records, as well as facts which are a matter of public record" on a Rule 12(b)(6) motion to dismiss) (citation and internal quotation marks omitted); *Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1278 n.1 (10th Cir. 2004) (considering only the allegations in the Complaint and those alleged in another lawsuit on a Rule 12(b)(6) motion); *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979) (explaining that "federal courts, in appropriate circumstances, may take [judicial] notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue" (citations omitted)).

On March 26, 2018, NYMT Loan Financing Trust ("NYMT") filed a Petition for Mortgage Foreclosure against plaintiff in the Wyandotte County, Kansas District Court ("Foreclosure Action").  Doc. 38-1.  The state court concluded a "true and correct copy of the Note" was filed, that plaintiff had executed the note, that plaintiff conveyed a mortgage to Imperial Lending, LLC, and that the mortgage was "duly acknowledged . . . filed for record, and recorded."  Doc. 38-2 at 2–3.  Also, it entered a judgment for mortgage foreclosure for NYMT on January 31, 2019.  *Id.* at 6.  Because plaintiff previously had filed for chapter 13 bankruptcy, the judgment was *in rem*.  *Id.*  Later, the state court entered an Order confirming a sheriff's sale of the property.[3]  Doc. 38-3.

Then, plaintiff filed a Petition in the Wyandotte County, Kansas District Court naming several defendants, including the defendants named in this action ("Cummings Action").  Doc. 38-7.  Plaintiff's state court action asserted nine claims against defendants and sought to void the judgment and sheriff's sale in the Foreclosure Action.[4]  *Id.*  Also, plaintiff filed a Petition to Quiet Title in Wyandotte County, Kansas District Court seeking to void the judgment and sheriff's sale in the Foreclosure Action.  Doc. 38-9.  The state court consolidated that case with the Cummings Action, and it then dismissed the quiet title action as moot.  Doc. 38-10.  The state court found that NYMT held the note and that NYMT had standing to foreclose on the mortgage. *Id.* at 3.  The court held that plaintiff was estopped from challenging the transfers and chain of

---

[3]     After the state court entered judgment in the Foreclosure Action and the sheriff's sale was completed, plaintiff tried to remove the Foreclosure Action to federal court.  Doc. 38-5.  NYMT moved to dismiss the removed action in federal court, asserting there was no remaining civil action in state court to remove and the federal court lacked subject-matter jurisdiction.  *Id.*  Our court granted the motion to dismiss the removed case.  *Id.*

[4]     Plaintiff also removed the Cummings Action to federal court even though she had chosen to file it in state court.  Our court remanded the case because it lacked subject-matter jurisdiction.  Doc. 38-8.

title of the note and mortgage because she had admitted to them in her bankruptcy action.  *Id.*

Plaintiff then filed this federal court action.  In it, plaintiff asserts several claims arising from the Cummings Action and the earlier state court Foreclosure Action.  She asserts 14 claims: (1) Breach of Contract, (2) Scheme to Defraud, (3) Detrimental Reliance, (4) Unlawful Deception in the Original Foreclosure Case, (5) RICO, (6) Wrongful Foreclosure, (7) Slander of Title, (8) Violation of the Consumer Protection Act, (9) Infliction of Emotional Distress, (10) "The Alleged Loan[,]" (11) "Lawful Challenge[,]" (12) "Failure to Establishing Agency[,]" (13) "Legal Prejudice[,]" and (14) "Fraudulent [Civil] Action [] Filed in State Court[.]"[5]  Doc. 1 at 5–12.

## II.    Legal Standard

### A.  Fed. R. Civ. P. 12(b)(1):  Subject Matter Jurisdiction.

Under Fed. R. Civ. P. 12(b)(1), a defendant may move to dismiss for "lack of subject-matter jurisdiction."  Fed. R. Civ. P. 12(b)(1).  Generally, a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) takes one of two forms:  a facial attack or a factual attack.  *Holt v. United States*, 46 F.3d 1000, 1002–03 (10th Cir. 1995).  A facial attack challenging subject matter jurisdiction "questions the sufficiency of the complaint."  *Id.* (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)).  A factual attack challenges "the facts upon which subject matter jurisdiction depends."  *Id.* (citing *Ohio Nat'l*, 922 F.2d at 325).

"Federal courts are courts of limited jurisdiction."  *Kline v. Biles*, 861 F.3d 1177, 1180 (10th Cir. 2017) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

---

[5]    The court has numbered these claims in the same order they appear in plaintiff's Complaint. While the Complaint uses both Roman Numerals and text to identify each claim by number and its numbering is inconsistent, the court numbers them in the order they appear in the Complaint.

Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States" or where there is diversity of citizenship. 28 U.S.C. § 1331; 28 U.S.C. § 1332. "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) (citing *Bradbury v. Dennis*, 310 F.2d 73, 74 (10th Cir. 1962)). A court must dismiss without prejudice a claim over which it lacks jurisdiction. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216, 1217 (10th Cir. 2006) ("[O]nce a court determines it lacks jurisdiction over a claim, it perforce lacks jurisdiction to make any determination of the merits of the underlying claim") (citing *Gold v. Loc. 7 United Food & Com. Workers*, 159 F.3d 1307, 1311 (10th Cir. 1998)); *accord Deloge v. Davis*, No. 21-8025, 2021 WL 6143719, at *2 (10th Cir. Dec. 30, 2021) (holding that when a court lacks subject-matter jurisdiction over a claim because of the *Rooker-Feldman* doctrine, it must dismiss the claim without prejudice).

### B. Fed. R. Civ. P. 12(b)(6):  Failure to State a Claim

Fed. R. Civ. P. 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule "does not require 'detailed factual allegations,'" but it requires more than "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Under Fed. R. Civ. P. 12(b)(6), a defendant may move to dismiss for failing "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive such a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).  "The question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law." *Christy Sports, LLC v. Deer Valley Resort Co., Ltd.*, 555 F.3d 1188, 1192 (10th Cir. 2009) (citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)).  When considering whether a plaintiff has stated a plausible claim, the court must assume that the complaint's factual allegations are true.  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  But, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555).  "Under this standard, 'the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims.'" *Carter v. United States*, 667 F. Supp. 2d 1259, 1262 (D. Kan. 2009) (quoting *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)).

A court may dismiss a pro se complaint if "it is obvious that the plaintiff cannot prevail on the facts [she] has alleged and it would be futile to give [her] an opportunity to amend." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999) (citing *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997)).  When a court concludes that a complaint fails to state a claim upon which relief can be granted, the court, in its discretion may dismiss the claim without prejudice.  *See Slocum v. Corp. Express U.S. Inc.*, 446 F. App'x 957, 958, 961 (10th Cir. 2011).

### III.    Analysis

Ms. Cummings has asserted 14 claims against defendants.  Throughout her filings, plaintiff references a mortgage, loan, promissory note, and contract.  As best as the court can discern, plaintiff intends her reference to mean the mortgage contract under which she executed a promissory note in favor of Imperial Lending, LLC.  Doc. 38-2 at 2.  All 14 claims seem to stem from or otherwise arise from this mortgage contract and subsequent related events.  These events include the Foreclosure Action and the Cummings Action she filed in state court.  The court construes plaintiff's references to a mortgage, loan, promissory note, and contract as references to this mortgage contract and those closely related events.

Also, to the extent that plaintiff's claims challenge final judgments in the Foreclosure Action and the Cummings Action in state court or allege injuries derived from those judgments, the *Rooker-Feldman* doctrine bars those claims.  Thus, the court dismisses those claims without prejudice.  To the extent the *Rooker-Feldman* doctrine does not bar plaintiff's claims, the court dismisses plaintiff's claims because they fail to state plausible claims for relief.  The court explains the reasons for its conclusions in the analysis that follows.

### A.  The *Rooker-Feldman* Doctrine Bars Seven of Plaintiff's Claims.

The *Rooker-Feldman* doctrine bars seven of plaintiff's claims.  They are her first claim (Breach of Contract), second (Scheme to Defraud), third (Detrimental Reliance), fourth (Unlawful Deception in the Original Foreclosure Case), sixth (Wrongful Foreclosure), seventh (Slander of Title), and tenth (The Alleged Loan).  Thus, the court dismisses those claims without prejudice.

"The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments

rendered before the [federal] district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).  This doctrine encompasses claims alleging "injuries caused by state-court judgments." *Exxon Mobil*, 544 U.S. at 284.  The doctrine applies "where a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court." *Lance*, 546 U.S. at 466. To allow otherwise would contravene 28 U.S.C. § 1257, which confers jurisdiction to hear appeals from final state court judgments only on the Supreme Court. *Id.* at 463.  In short, the *Rooker-Feldman* doctrine precludes the lower federal courts "from exercising appellate jurisdiction over final state-court judgments." *Id.*

Plaintiff's first, second, third, fourth, sixth, seventh, and tenth claims either challenge the validity of the mortgage contract or allege injury caused by the mortgage contract.  The *Rooker-Feldman* doctrine bars both types of claims, for reasons explained in the following three subsections.

  1. **The *Rooker-Feldman* Doctrine Bars Plaintiff's Sixth and Third Claims Because They Appeal Unfavorable State Court Judgments and Allege Injuries Caused by State Court Judgments.**

*First*, the *Rooker-Feldman* doctrine bars plaintiff's sixth claim for "Wrongful Foreclosure."  This claim alleges various injuries caused by an allegedly wrongful foreclosure and seeks an injunction and monetary damages as relief.  Doc. 1 at 9–10.  Plaintiff alleges she sustained impaired credit, loss of property, and eviction. *Id.* at 9.  With these allegations, plaintiff complains of injuries caused by the state court judgment in the Foreclosure Action. Plaintiff also alleges irregularities in the foreclosure process, claiming the foreclosing party lacked standing to foreclose. *Id.* at 10.

The state court rejected these allegations in the Cummings Action, holding that NYMT held the promissory note and had standing to foreclose against plaintiff. Doc. 38-10 at 3. Both the Foreclosure Action and the Cummings Action were final "state-court judgments rendered before" proceedings in this court commenced. *See Lance*, 546 U.S. at 460 (quoting *Exxon Mobil Corp.*, 544 U.S. at 284). Under *Rooker-Feldman*, this court has no jurisdiction to decide claims alleging injuries caused by the state court judgments. Similarly, under the *Rooker-Feldman* doctrine, this court has no jurisdiction to hear plaintiff's "appeal of an unfavorable state-court" judgment that NYMT had standing to foreclose. *See id.* at 466. The *Rooker-Feldman* doctrine thus bars plaintiff's sixth claim for "Wrongful Foreclosure," so, the court dismisses it without prejudice.

*Next*, the *Rooker-Feldman* doctrine also bars plaintiff's third claim for "Detrimental Reliance." This third claim both appeals the final state court judgment in the Foreclosure Action and alleges injury caused by it. Doc. 1 at 8. First, plaintiff challenges the validity of the mortgage contract. Plaintiff alleges that under the mortgage contract she "signed a lien against her property in return for a loan" that she never received. *Id.* Plaintiff also challenges the mortgage contract by calling the lien "unlawful" and the loan "fake." *Id.* Then, plaintiff alleges that she performed under the mortgage contract for 28 years, making monthly payments of $1,400. *Id.* Plaintiff alleges that her performance under the mortgage contract was to her detriment, negatively affecting her credit score and preventing her from securing business, credit, education, housing, and work opportunities. *Id.* To the extent that plaintiff's third claim challenges the validity of the mortgage contract, it appeals, in effect, the final state court judgment in the Foreclosure Action. The state court held the mortgage contract valid and enforceable. The *Rooker-Feldman* doctrine bars this appeal.

And to the extent that plaintiff alleges injuries from her performance of the mortgage contract, the *Rooker-Feldman* doctrine bars plaintiff's claims.  This is so because the doctrine bars a plaintiff from alleging in federal court an injury derived from a state court judgment. *Exxon Mobil*, 544 U.S. at 284.  Here, the state court judgment held the mortgage contract valid and enforceable and found plaintiff was in default under that contract.  Doc. 38-10 at 3; Doc. 38-2 at 4.  To the extent plaintiff's claim alleges injury caused by her performance under the contract, such a claim attacks the validity of the state court's final judgment.  The *Rooker-Feldman* doctrine precludes this claim.  *Lance*, 546 U.S. at 466.  The court dismisses plaintiff's third claim for "Detrimental Reliance" without prejudice.

> ### 2.   The *Rooker-Feldman* Doctrine Bars Plaintiff's First, Second, and Fourth Claims Because, in Effect, They Appeal State Court Decisions Unfavorable to Her.

The *Rooker-Feldman* doctrine bars plaintiff's first claim for "Breach of Contract."  This claim alleges that plaintiff procured a mortgage loan but never received the proceeds of the loan. Doc. 1 at 5.  Plaintiff challenges the process surrounding the note as fraudulent, alleges the note was never "registered," and alleges defendants failed "to prove a contract existed."  *Id.* at 6.  In challenging the note's validity and the existence of a mortgage contract, plaintiff challenges the validity of the mortgage.  But, the state court already has ruled the mortgage was valid when it ruled against plaintiff in the Foreclosure Action.  Doc. 38-2 at 6 (holding that "[NYMT] has the right to foreclose the Mortgage and is entitled to enforce the terms of the Note" and granting NYMT "a judgment of foreclosure and a judgment against Defendant Cummings").  Also, the state court held the note valid and enforceable in the Cummings Action.  Doc. 38-10 at 3 ("NYMT held the Note before the foreclosure action was filed and [] it had standing to foreclose.").  Both the Foreclosure Action and the Cummings Action represent final "state-court

judgments rendered before" proceedings in this court commenced.  *Lance*, 546 U.S. at 460

(quoting *Exxon Mobil*, 544 U.S. at 284).  Under *Rooker-Feldman*, this court has no jurisdiction

to hear what is, in substance, an appeal of state court judgments finding the mortgage and note

are valid and enforceable.  *Id.* at 466.  The *Rooker-Feldman* doctrine precludes such claims,

including plaintiff's first claim for "Breach of Contract."  *Id.*  So, the court dismisses it without

prejudice.

     *Next*, the *Rooker-Feldman* doctrine bars plaintiff's claim for "Scheme to Defraud."  This

second claim also challenges the terms of the mortgage contract, calling them "deceptive and

unconscionable."  Doc. 1 at 6.  Also, the claim challenges the validity of any security interest

attached to the note and repeats plaintiff's allegation that the note was "unregistered."  *Id.* at 7, 8.

Like the first claim, any challenge to the mortgage contract, including the promissory note,

appeals the final state court judgments in the Foreclosure Action and the Cummings Action.  The

*Rooker-Feldman* doctrine bars plaintiff's second claim, and the court thus dismisses it without

prejudice.

     *Finally*, the *Rooker-Feldman* doctrine bars plaintiff's fourth claim for "Unlawful

Deception in the Original Foreclosure Case."  This claim challenges the promissory note,

claiming it is fraudulent and not registered.  As already discussed, a challenge to the note's

validity represents, in effect, an appeal of the state court judgments in the Foreclosure Action and

the Cummings Action.  The *Rooker-Feldman* doctrine bars federal courts from passing judgment

whether state court decisions were correct.  Thus, the court dismisses plaintiff's fourth claim for

"Unlawful Deception in the Original Foreclosure Case" without prejudice.

### 3. The *Rooker-Feldman* Doctrine Bars Plaintiff's Seventh and Tenth Claims Because They Allege Injuries Caused by Final State Court Judgments.

The *Rooker-Feldman* doctrine bars plaintiff's seventh claim for "Slander of Title." This claim challenges the foreclosure as "unlawful" and alleges it caused plaintiff to sustain "slander of title." Doc. 1 at 10. Again, plaintiff complains about an injury caused by the state court's final judgments in the Foreclosure Action and the Cummings Action. The *Rooker-Feldman* doctrine bars this court from entertaining such a claim. So, the court dismisses plaintiff's seventh claim for "Slander of Title" without prejudice.

*Next*, the *Rooker-Feldman* doctrine bars plaintiff's tenth claim for "The Alleged Loan." This claim alleges that plaintiff performed under the mortgage contract for 14 years, making timely monthly payments of $1,425 (on average). Doc. 1 at 11. Plaintiff alleges that "false adverse information" was being reported about her to credit reporting agencies during the foreclosure process and the false reports impaired her credit. *Id.*

Once again, plaintiff complains of injuries caused by the state court's final judgments in the Foreclosure Action and the Cummings Action. Plaintiff asserts the injury of impaired credit. Plaintiff asserts that this injury resulted from credit reports arising from the foreclosure process. Plaintiff asserts the reports were false. But, the state court held the foreclosure was valid. Thus, in substance, plaintiff's claim alleges an injury caused by a state court's final judgment, and the *Rooker-Feldman* doctrine bars this claim. The court dismisses plaintiff's tenth claim for "The Alleged Loan" without prejudice.

### 4. Summary

The *Rooker-Feldman* doctrine bars plaintiff's first, second, third, fourth, sixth, seventh, and tenth claims. Each one of these claims challenges the validity of the mortgage contract or alleges injury caused by the mortgage contract. In doing so, plaintiff's claims appeal state court

judgments in the Foreclosure Action and the Cummings Action, or allege injuries caused by these final state court judgments.  Because the *Rooker-Feldman* doctrine bars both types of claims, the court dismisses plaintiff's first, second, third, fourth, sixth, seventh, and tenth claims without prejudice. [6]

### B.  Plaintiff's Other Seven Claims Fail to State a Plausible Claim for Relief.

The court's *Rooker-Feldman* analysis leaves seven other claims asserted in the Complaint.  None of them asserts a plausible claim for relief, as the court explains in the following four subsections.

#### 1.  Plaintiff's Fifth Claim Titled "RICO" Fails to State a Plausible Claim for Relief.

Plaintiff titles her fifth claim "RICO," but it fails to state a plausible claim for relief. Under the Racketeer Influenced and Corrupt Organizations Act, it is "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c).  A person aggrieved by a RICO violation may bring a civil cause of action under 18 U.S.C. § 1964(c).  To state a plausible claim for relief under RICO, a plaintiff must plausibly allege four elements:  "'(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'"  *Robbins v. Wilkie*, 300 F.3d 1208, 1210 (10th Cir. 2002) (first quoting *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985); then citing *BancOklahoma Mortg.*

---

[6]     Defendants move to dismiss plaintiffs' Complaint in its entirety under the *Rooker-Feldman* doctrine.  Doc. 38 at 17–20.  Alternatively, defendants ask to dismiss plaintiff's first, second, third, fourth, and tenth claims for failing to state a claim.  *Id.* at 9–12, 16.  Also, defendants move to dismiss plaintiff's sixth and seventh claims on the alternative grounds of res judicata and collateral estoppel.  *Id.* at 13–14.  Because the court determines that the *Rooker-Feldman* doctrine bars plaintiff from asserting these seven claims, *i.e.*, her first, second, third, fourth, sixth, seventh, and tenth claims, the court need not reach defendants' other arguments for dismissal.

*Corp. v. Cap. Title Co., Inc.*, 194 F.3d 1089, 1100 (10th Cir. 1999)).  Also, plaintiff must plausibly allege that she sustained "harm caused by predicate acts sufficiently related to constitute a pattern[.]"  *Sedima, S.P.R.L.*, 473 U.S. at 497.

Here, plaintiff alleges no facts capable of supporting the elements of a RICO claim.  The Complaint quotes and cites court cases but even under the pro se standard, it provides none of the factual content required to support the elements of such a claim.  Plaintiff's conclusory assertions lead the court to conclude that plaintiff does not have a reasonable likelihood of mustering factual support for this claim.  *Carter*, 667 F. Supp. 2d at 1262 (quoting *Ridge at Red Hawk, L.L.C.*, 493 F.3d at 1177).  Putting it simply, plaintiff has failed to state a claim upon which relief can be granted.  Thus, the court dismisses plaintiff's RICO claim.

### 2. Plaintiff's Eighth Claim for "Violation of the Consumer Protection Act" Fails to State a Plausible Claim for Relief.

Plaintiff's eighth claim asserts a "Violation of the Consumer Protection Act."  It too fails to state a plausible claim for relief.

The Kansas Consumer Protection Act prohibits a supplier from engaging in "any deceptive act or practice in connection with a consumer transaction."  Kan. Stat. Ann. § 50-626(a).  A consumer transaction includes the "sale, lease, assignment or other disposition for value of property[.]"  Kan. Stat. Ann. § 50-624(c).  But, "disposition of repossessed collateral by any supplier that is subject to and compliant with" state law is explicitly excluded from the statute's definition of "consumer transaction."  *Id.*  A supplier is "a manufacturer, distributor, dealer, seller, lessor, assignor, or other person who, in the ordinary course of business, solicits, engages in or enforces consumer transactions, whether or not dealing directly with the consumer."  Kan. Stat. Ann. § 50-624(l).

Here, plaintiff fails to allege any facts from which a reasonable factfinder could find or infer a consumer transaction between plaintiff and defendants, that defendants were suppliers, or that defendants engaged in deceptive practices.  Instead, plaintiff merely makes conclusory statements, asserting the defendants "engaged in a pattern of unfair practices[,]" violating the Kansas Consumer Protection Act.  Doc. 1 at 10.  The court can't accept this "'legal conclusion couched as a factual allegation.'"  *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Even if the court liberally could construe plaintiff's eighth claim to allege that the disposition of property in the Foreclosure Action was deceptive or unfair, plaintiff fails to state a plausible claim for relief on this theory.  This disposition does not qualify as a consumer transaction under the Kansas Consumer Protection Act if it was "subject to and compliant with any state or federal law."  *See* Kan. Stat. Ann. § 50-624(c).  Plaintiff's Complaint alleges no facts from which a reasonable factfinder could find or infer that the Foreclosure Action failed to comply with state law.  To the contrary, the Wyandotte County, Kansas District Court held in its original foreclosure judgment and, later, in its confirmation of the sheriff's sale of property, that the foreclosure was proper.  Doc. 38-2, Doc. 38-3, Doc. 38-10.  While plaintiff alleges in a conclusory fashion that the foreclosure was wrongful, she never alleges any facts capable of supporting a finding or inference to support those conclusory allegations.

Because plaintiff's Kansas Consumer Protection Act claim lacks sufficient factual matter that, if accepted as true, could state a plausible claim for relief, it states no claim upon which relief can be granted.  Thus, the court dismisses plaintiff's eighth claim for "Violation of the Consumer Protection Act."

### 3.  Plaintiff's Ninth Claim for "Infliction of Emotional Distress" Fails to State a Plausible Claim for Relief.

Plaintiff's ninth cause of action calls itself a claim for "Infliction of Emotional Distress." Doc. 1 at 10–11.  It too fails to state a plausible claim for relief.

Kansas law recognizes two causes of action for infliction of emotional distress: intentional and negligent.  To state a claim for intentional infliction of emotional distress, a plaintiff plausibly must allege four elements:  "(1) [t]he conduct of the defendant was intentional or in reckless disregard of the plaintiff; (2) the conduct was extreme and outrageous; (3) there was a causal connection between the defendant's conduct and the plaintiff's mental distress; and (4) the plaintiff's mental distress was extreme and severe."  *Valadez v. Emmis Commc'ns*, 229 P.3d 389, 394 (Kan. 2010) (citing *Taiwo v. Vu*, 822 P.2d 1024, 1029 (Kan. 1991)).  To state a claim for negligent infliction of emotional distress, a plaintiff plausibly must allege physical injury accompanying the alleged negligent conduct.  *Hoard v. Shawnee Mission Med. Ctr.*, 662 P.2d 1214, 1219–20 (Kan. 1983).  No matter which one of the two theories plaintiff meant to invoke, her Complaint alleges no facts to support either one.  Plaintiff's infliction of emotional distress claim consists of one sentence, alleging that the defendants "have intentionally or negligently taken actions which have caused the [p]laintiff severe emotional distress."  Doc. 1 at 10–11.  This kind of conclusory statement falls far short of the standard for a plausible claim.  In short, the Complaint alleges no factual content which, if accepted as true, could support a claim for which the court could grant relief.  Thus, the court dismisses plaintiff's ninth claim for "Infliction of Emotional Distress."

### 4.  Plaintiff's Eleventh, Twelfth, Thirteenth, and Fourteenth Claims Fail to State Plausible Claims for Relief.

The Complaint asserts four final claims.  The Complaint calls them claims for  "Lawful Challenge" (eleventh claim), "Failure to Establishing Agency" (twelfth claim), "Legal Prejudice"

(thirteenth claim), and "Fraudulent [Civil] Action [] Filed in State Court" (fourteenth claim).

Doc. 1 at 11–13.  None of these remaining claims states a plausible claim for relief.

*First*, plaintiff's eleventh claim for "Lawful Challenge" cites the Sixth Amendment, the

11th Amendment, 15 U.S.C. § 1692g, and 22 U.S.C. § 611, and quotes the 14th Amendment

(plaintiff states, "no person will be deprived of life, liberty, or property without due process of

law").  Doc. 1 at 11.  The court can identify no viable cause of action from this claim.  This

claim alleges the Foreclosure Action "had no injured party and therefore damages should be

granted."  *Id.*  Also, the claim alleges that the "attorney is acting as a 'Foreign Agent' for a

'Foreign State.'"  *Id.*  Plaintiff provides no basis for recognizing such a claim and the court can

find no viable basis for it.  And, even if it could, the supporting factual allegations are

conclusory.  These are insufficient to state plausibly a claim for relief.[7]  Thus, the court dismisses

plaintiff's eleventh claim for failing to state a claim upon which relief can be granted.

*Next*, plaintiff's twelfth claim for "Failure to Establishing Agency" also fails to state a

plausible claim for relief.  This claim cites the "right to contract" under 42 U.S.C. § 1981.  Doc.

1 at 11.  "Section 1981 offers relief when racial discrimination blocks the creation of a

contractual relationship, as well as when racial discrimination impairs an existing contractual

relationship, so long as the plaintiff has or would have rights under the existing or proposed

contractual relationship."  *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006)

(interpreting and applying 42 U.S.C. § 1981).  Here, plaintiff alleges no facts capable of

---

[7]     To the extent the court could construe plaintiff's "Lawful Challenge" claim as one asserting a claim for constitutional violations under 42 U.S.C. § 1983, the Complaint also fails to state a claim for relief under that statute.  A plaintiff may assert a civil cause of action under § 1983 against a defendant who violates a constitutional right while "acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Plaintiff's Complaint never alleges any facts to support a reasonable finding or inference that any of the three defendants she has sued are "state actors" sufficient to allege a plausible § 1983 claim.

supporting a finding or inference of racial discrimination against her. So, she's failed to state a claim under § 1981.

Kansas law permits a plaintiff to enforce rights under a contract, of course, by asserting a claim for breach of contract. To the extent plaintiff's claim alleges a breach of the mortgage contract, the *Rooker-Feldman* doctrine precludes her from asserting it, as discussed above. To the extent plaintiff alleges breach of some other contract, she fails to allege any facts supporting such a claim. In Kansas, to state a breach of contract claim, a plaintiff plausibly must allege five elements: "(1) the existence of a contract between the parties; (2) sufficient consideration to support the contract; (3) the plaintiff's performance or willingness to perform . . . (4) the defendant's breach of the contract; and (5) damages to the plaintiff caused by the breach." *Stechschulte v. Jennings*, 298 P.3d 1083, 1098 (Kan. 2013) (citing *Com. Credit Corp. v. Harris*, 510 P.2d 1322, 1325 (Kan. 1973)). The Complaint alleges no facts from which a reasonable factfinder could find or infer the existence of a contract between herself and defendants. Therefore, plaintiff alleges no facts supporting her rights under any contract between herself and defendants. This claim fails to allege a plausible breach of contract claim.

This twelfth claim also alleges a "failure to establish[ ]" an agency relationship. Doc. 1 at 11. To establish agency, plaintiff alleges, "the 'Principal' must ask the 'Agent' to perform a task." *Id.* Then, the Complaint alleges that the cause "must be dismissed" because there is no principal, agent, or capacity to sue. *Id.* at 12. The Complaint makes no factual allegations beyond this conclusory statement. And, the court can't decipher any plausible cause of action that plaintiff could assert based on a "failure to establish" agency.

In sum, plaintiff fails to allege any facts from which a reasonable factfinder could find or infer a contract between plaintiff and any defendant, the need to establish an agency relationship,

or a viable cause of action arising from either one.  Plaintiff's twelfth claim fails to state a claim on which relief can be granted.  Thus, the court dismisses plaintiff's twelfth claim.

*Next*, plaintiff's thirteenth claim describes itself as one for "Legal Prejudice."  Doc. 1 at 12.  But it provides nothing more than a definition of the term "legal prejudice."  *Id.*  This claim alleges no facts sufficient to state a plausible claim for relief.  The court thus dismisses plaintiff's thirteenth claim for "Legal Prejudice."

*Finally*, plaintiff's fourteenth claim for "Fraudulent [Civil] Action []Filed in State Court" fails to state a plausible claim for relief.  Doc. 1 at 12.  Plaintiff's claim generally alleges that a corporation is not a person with "natural rights" and that "the attorneys are claiming" corporations have "rights, privileges, and immunities" in court.  *Id.*  Plaintiff cites no authority for her conclusions that an attorney commits fraud when she files a civil action naming a corporation as a plaintiff, that a court commits fraud by hearing such a claim, that a corporation cannot sign a power of attorney, or that attorneys cannot represent corporations in court.  *Id.* This claim also fails to allege any facts which, if accepted as true, would state a plausible claim for relief.  Because plaintiff's claim fails to state a viable cause of action or provide any factual support from which to find or infer a plausible claim for relief, it fails to state a claim on which the court can relief.  Thus, the court dismisses plaintiff's fourteenth claim for "Fraudulent Action [] Filed in State Court."

### 5.  Summary

Plaintiff's fifth, eighth, ninth, eleventh, twelfth, thirteenth, and fourteenth claims fail to state a plausible claim for relief.  Thus, the court dismisses them without prejudice. [8]

---

[8]      The court dismisses the claims without prejudice because "ordinarily the dismissal of a pro se claim under Rule 12(b)(6) should be without prejudice[.]"  *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010).

**IV.     Conclusion**

The *Rooker-Feldman* doctrine bars plaintiff's first, second, third, fourth, sixth, seventh, and tenth claims.  The court dismisses these claims without prejudice.  Plaintiff's fifth, eighth, ninth, eleventh, twelfth, thirteenth, and fourteenth claims each fail to state a plausible claim upon which relief can be granted.  The court thus dismisses these claims under Fed. R. Civ. P. 12(b)(6) for failing to state a claim, without prejudice.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's Motion to Dismiss is granted (Doc. 37).

**IT IS FURTHER ORDERED THAT** plaintiff's Motion for Default Judgment (Doc. 46) is denied.

**IT IS SO ORDERED.**

**Dated this 7th day of March, 2022, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
